IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RANDON TAMAR SALLIS, )
)
      Petitioner, )
)
vs. ) Case No. CIV-09-378-RAW
) (Underlying case no. CR-06-07)
UNITED STATES OF AMERICA, )
)
      Respondent. )

## **ORDER**

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Petitioner was convicted by a jury on eleven criminal counts on April 21, 2006. He appealed his conviction and sentence to the United States Court of Appeals for the Tenth Circuit, which affirmed on July 18, 2008. *See United States v. Sallis,* 533 F.3d 1218 (10th Cir.2008). The present motion was timely filed on October 1, 2009. Eight claims for relief are presented.

The motion rests in part on claims of ineffective assistance of counsel. This requires satisfaction of a two-part test. First, the petitioner must show that counsel's performance was deficient. Second, petitioner must show that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 689 (1984). *See also Sandoval v. Ulibarri,* 548 F.3d 902, 909 (10th Cir.2008), *cert. denied,* 130 S.Ct. 133 (2009). A court need not address both prongs of the *Strickland* test if petitioner fails to make a sufficient showing of one. *Cooks v. Ward,* 165 F.3d 1283, 1292-93 (10th Cir.1998).

First, petitioner contends his counsel was ineffective for failing to move for a dismissal of charges pursuant to the Speedy Trial Act. The Act provides in 18 U.S.C. §3161(b) that an

information or indictment charging the defendant shall be filed within thirty days of the date of arrest. The Act further provides in §3162(a)(1) for mandatory dismissal of the charges should the government fail to comply.

In response, the government does not contest that petitioner was arrested on November 17, 2005, but not indicted until January 18, 2006. The government makes reference to a pending tolling motion, but does not identify any such motion and the court does not see one reflected in the docket sheet. Neither party, however, notes that §3161(b) also provides that "[i]f an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days." The court has confirmed with the court clerk's office that no grand jury was in session in December, 2005.

Even if a violation had taken place, the pending motion would be denied. The district court has discretion to dismiss with or without prejudice. Relevant factors in making this determination include: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice. *See United States v. Williams,* 576 F.3d 1149, 1157-58 (10th Cir.2009). These factors are also cited in §3162(a)(1).

Under the facts of this case the court has no doubt that, had a meritorious motion to dismiss been filed, the dismissal would have been without prejudice. The charges were quite serious, and the brief delay does not demonstrate any bad faith on the part of the prosecution. Permitting the prosecution to commence the case anew would not have significant impact on

2

the administration of the Act or the administration of justice. Inasmuch as dismissal would have been without prejudice, petitioner has failed to show that counsel's failure to file a motion to dismiss prejudiced petitioner under *Strickland*. Accordingly, relief will not be granted. *See Milligan v. United States,* 213 Fed. Appx. 964 (11th Cir.2007).

Next, petitioner argues that statutory mandatory minimum sentences are unconstitutional under the separation of powers doctrine. This argument should have been presented on direct appeal, and in any event is rejected. *See United States v. Odeneal,* 517 F.3d 406, 414 (6th Cir.2008).

Next, petitioner contends that counsel was ineffective when allowing petitioner and his identical twin brother to stand trial together. That decision was not for petitioner's counsel to make but rather for the court. The court finds there was sufficient clear identification of the two brothers that no question of a due process violation is presented. This claim is meritless, and should in any event have been presented on direct appeal.

Next, petitioner asserts counsel was ineffective for failing to seek dismissal of count one (conspiracy) after the verdict was returned. He cites a difference in drug quantities between counts one and two in the jury's findings. The court disagrees. A defendant guilty of conspiracy is responsible for not just the quantity of drugs he handled, but the quantity handled by the entire conspiracy. Further, this is at best a sentencing issue; any ambiguity in the verdict form (which ambiguity the court does not see) would not have required dismissal of count one. Petitioner has failed to demonstrate counsel was ineffective.

Next, petitioner contends the indictment was invalid because counts two and three did not allege aiding and abetting under 18 U.S.C. §2. Petitioner points to no authority for this proposition, and the court has found none. Accordingly, no showing has been made that counsel was ineffective.

Next, petitioner asserts a violation of *Crawford v. Washington,* 541 U.S. 36 (2004), regarding an out-of-court statement by Jatika Bryant. The court sees no such violation and denies this claim.

Next, petitioner contends that, although the court sustained an objection to testimony regarding a pound of "ice" by witness Clemons, the court did not delete that amount in calculating sentence. This argument should have been raised on direct appeal. The court is not persuaded, however, that petitioner has shown an effect on the sentence imposed. Petitioner states that the calculation must be seen in connection with his argument (in a motion pursuant to 18 U.S.C. 3582(c)(2) which was filed before he filed the present motion)[1] that he should receive a reduction in sentence. His argument on this latter score ultimately failed. *See United States v. Sallis,* 354 Fed. Appx. 379 (10th Cir.2009)(affirming denial of §3582 motion).

Finally, petitioner asserts he was improperly sentenced on count two to a sentence in excess of the statutory maximum. This assertion is correct, and resulted in a remand for resentencing in the appeal of petitioner's brother, Brandon Sallis. *See United States v. Sallis,* 288 Fed. Appx. 457 (10th Cir.2008). The court sees no need to hold a resentencing hearing as

---

[1] The court did not construe the §3582 motion as a §2255 motion, and accordingly does not construe the present motion as a second or successive §2255 motion.

it intends to sentence petitioner to the statutory maximum, which is 20 years instead of the imposed sentence of 30 years[2]. Accordingly, the sentence is ordered amended.

As to all claims, the court further concludes that an evidentiary hearing is not necessary. *See United States v. Lopez,* 100 F.3d 113, 119 (10th Cir.1996).

It is the order of the court that the motion of the petitioner is hereby DENIED as to all claims except the final claim. Relief as to that claim is hereby GRANTED, and petitioner's sentence as to count two only is hereby amended to read that defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 240 months. In all other respects, the sentence remains as pronounced.

It is so ordered on this 3rd day of May, 2010.

**Dated this 3rd Day of May 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0

---

[2] The court did conduct a resentencing hearing as to Brandon Sallis, because this court was directed by the Tenth Circuit to "resentence Brandon within the sentencing range provided by statute." In an abundance of caution, the court construed the Tenth Circuit mandate as requiring a hearing.

5